IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clement Wells, ) | Civil Action No. 4:06-183 |
| ) | Criminal Action No. 4:04-149 |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

By Order filed August 5, 2008, this Court issued an Order denying the petitioner's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (Doc. #12[1]). Subsequently, the petitioner filed a motion to reconsider this Court's ruling pursuant to Rule 59(e). (Doc. #15). The petitioner included a request to disclose evidence pursuant to 18 U.S.C. § 921. (Doc. #15).

Rule 59(e) of the Federal Rules of Civil Procedure provides that:

[a]ny motion to alter or amend a judgment shall be filed no later than 28 days after the entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) cert. denied, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th

---

[1] The Docket Entry Numbers reflect the docket entries in Civil Action No. 4:06-183.

Cir. 1995)). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of these standards, the Court has carefully reviewed the petitioner's motion. After careful consideration of the relevant filings in this case, the Court concludes that there is no basis under Federal Rule of Civil Procedure 59(e) for this Court to modify its Order of August 5, 2008. (Doc. #12). Further, the Court finds no basis for the disclosure of further evidence pursuant to 18 U.S.C. § 921. For this reason, the petitioner's motion, (Doc. #15), is **DENIED**.

**IT IS SO ORDERED**.

                                                           s/Terry L. Wooten
                                                    United States District Judge

September 21, 2010
Florence, South Carolina